# In the United States District Court
# for the Southern District of Georgia
# Waycross Division

MADGLEAN PACE, MARVIN PACE,   *
CHARLES PACE, MELVIN PACE,   *
and SHELLY PACE, JR.,   *
  *
    Plaintiffs,   *
  *
vs.   *      CV 508-089
  *
CSX TRANSPORTATION, INC.   *
  *
Defendant.   *

## ORDER

Presently before the Court is Defendant CSX Transportation, Inc.'s ("CSX") Motion for Summary Judgment. Plaintiffs claim that CSX's construction and use of a side track adjacent to their property constitutes a nuisance. CSX argues that section 10501(b)(2) of the Interstate Commerce Commission Termination Act of 1995, 49 U.S.C. § 10101 *et seq*, preempts Plaintiffs' state-law nuisance claim and that Plaintiffs' claim fails as a matter of Georgia law. Because the ICCTA preempts Plaintiffs' nuisance claim, the Court **GRANTS** Defendant's Motion for Summary Judgment.

**Background**

Plaintiffs all own land adjacent to a railroad right-of-way held by defendant CSX in Ambrose, Georgia. CSX and its predecessors have operated a mainline track through Ambrose for over 100 years. CSX uses this track to carry automobiles, consumer goods, grain, construction material, and intermodal freight.

The mainline track adjacent to Plaintiffs' properties is a single track, but is used by trains traveling in both directions. In September 2006, CSX constructed a side track, roughly two miles long, parallel to the mainline track and adjacent to Plaintiffs' properties. Prior to construction of the side track, the mainline track adjacent to Mr. Smith's property was part of a 16.2 mile stretch of track without a side track, which caused that area of track to become a "chokepoint." The side track lies between Plaintiffs' properties and the mainline track. The sidetrack allows faster trains to pass slower trains traveling in the same direction, and trains traveling in opposite directions to safely meet and pass one another. This has resulted in more trains being present near Plaintiffs' properties, which, Plaintiffs allege, has

-2-

resulted in greater railroad-related interference with Plaintiffs' use and enjoyment of their properties.

Plaintiffs filed suit against CSX in the Superior Court of Coffee County, Georgia on January 18, 2008. CSX removed the case to this Court on November 21, 2008. Plaintiffs claim that CSX's placement and operation of the side track near their properties constitutes an unreasonable interference with their use and enjoyment of their properties, in violation of state nuisance law. CSX moved for summary judgment on June 15, 2009, on the basis of federal preemption. The Court **GRANTS** Defendant's Motion.

**DISCUSSION**

Summary judgment is appropriate where there are no disputed issues of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Pure questions of law are particularly appropriate for summary judgment.

CSX argues that Plaintiffs' state-law nuisance claim – the only claim asserted in their Complaint – is preempted by

49 U.S.C. § 10501(b) of the ICCTA. That statute provides that

> [t]he jurisdiction of the [Surface Transportation Board] over
> . . .
> (b) the construction, acquisition, operation, abandonment, or discontinuance of spur, industrial, team, switching, or *side tracks* . . . is exclusive. Except as otherwise provided in this part, the remedies provided under this part with respect to regulation of rail transportation are exclusive and preempt the remedies provided under Federal or State law.

(emphasis added). Plaintiffs concede that CSX's operation and use of the side track are covered by the ICCTA, but argues that a nuisance action premised upon CSX's siting decision is not preempted.

Congressional purpose is the "ultimate touchstone" in every preemption case. *See Fla. E. Coast Ry. Co. v. City of West Palm Beach*, 266 F.3d 1324, 1329 (2001) (internal quotation marks omitted). The text of the statute is the best evidence of congressional intent. *Id.* The text of the ICCTA expressly preempts state remedies involving the construction and operation of side tracks. 49 U.S.C. § 10501(b). Plaintiffs claim that CSX's decision to construct the side track near their properties unreasonably interferes with their use and enjoyment of their properties.

Plaintiffs are essentially seeking a state remedy for CSX's construction and operation of a side track. Plaintiffs' Complaint is therefore preempted by the plain language of the ICCTA.

Plaintiffs' argument that a monetary damage award pursuant to state nuisance law does not amount to regulation of a railroad is unpersuasive. Potential liability under state nuisance law would influence a railroad's decisions of where to construct and how to operate side tracks. State nuisance law is therefore properly considered judicial regulation. The ICCTA reserves those regulatory decisions to the exclusive jurisdiction of the Surface Transportation Board, and specifically forecloses state law remedies involving such decisions. Numerous district courts have reached this result. *See Kiser v. CSX Real Property, Inc.*, No. 8:07-cv-1266-T-24-EAJ, 2008 WL 4866024, at *4 (M.D. Fla. 2008) (collecting cases). Plaintiffs' nuisance claim is therefore preempted.

**Conclusion**

Plaintiffs' Complaint, asserting a nuisance claim, is preempted by federal law. Defendant CSX's Motion for

Summary Judgment is therefore **GRANTED**. The Clerk of court is hereby directed to enter appropriate judgment and close this case.

**SO ORDERED** this 30th day of October, 2009.

_____
Judge, United States District Court
Southern District of Georgia